## SPENCER et al. v. PORTER et al.
### No. 13683.

United States Court of Appeals
Eighth Circuit.

April 19, 1949.

Edward H. Coulter, of Little Rock, Ark. (Ben D. Rowland, of Little Rock, Ark. on the brief), for appellants.

E. L. McHaney, Jr., of Little Rock, Ark. (Grover T. Owens and Owens, Ehrman & McHaney, all of Little Rock, Ark., on the brief), for appellees.

The Wage and Hour Division, Department of Labor, filed brief as amicus curiae.

Before SANBORN, THOMAS and RIDDICK, Circuit Judges.

PER CURIAM.

This is an action to recover overtime compensation, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219. The appellants were, in 1942, employees of the appellees, who, under a cost-plus-a-fixed-fee contract with the United States, built the Pine Bluff Arsenal, in Arkansas, for the production of munitions of war. The appellees moved for summary judgment on the ground that the appellants were not engaged in commerce and were, therefore not covered by the Act. The District Court concluded that the appellants were not within the coverage of the Act, and dismissed their complaint for lack of jurisdiction. This appeal followed.

The case was submitted to this Court at the May, 1948, Term. While it was apparent that in so far as the claims of the appellants were based on services rendered by them in connection with the construction of the arsenal, the appellants were not

within the coverage of the Act,[1] the record indicated that they were claiming to have performed some services in connection with the actual production of munitions. We therefore deferred decision, awaiting the disposition by the Supreme Court of Kennedy v. Silas Mason Company, 5 Cir., 164 F.2d 1016. After the Supreme Court had remanded that case because of the insufficiency of the record, 334 U.S. 249, 68 S.Ct. 1031, decision of the instant case was further deferred, awaiting the determination by this Court of the case of United States Cartridge Company v. Powell et al., No. 13663. The record in that case was believed to be adequate for purposes of review, and the case involved claims for overtime compensation for services rendered by employees of a cost-plus-a-fixed-fee contractor in the operation of a government-owned munitions plant. That case has now been decided, opinion filed April 12, 1949, 174 F.2d 718. The decision in that case requires the affirmance of the judgment in the instant case.

Affirmed.

[1] Noonan v. Fruco Construction Co., 8 Cir., 140 F.2d 633; Nieves v. Standard Dredging Corp., 1 Cir., 152 F.2d 719, 721; Kelly v. Ford, Bacon & Davis, Inc., 3 Cir., 162 F.2d 555, 558–561; Laudadio v. White Construction Co., Inc., 2 Cir., 163 F.2d 383, 386–387. See, also Mc-Daniel v. Brown & Root, Inc., 10 Cir., 172 F.2d 466, 471, and Murphy v. Reed, 335 U.S. 865, 69 S.Ct. 105.